UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHELLE CAVEN,<br><br>          Plaintiff,<br><br>     v.<br><br>AUTOTIME MOTORS; JEFFREY ERCOLINI; KELLY ERCOLINI; CREDIT ACCEPTANCE CORPORATION; AMERICAN SAFETY CASUALTY INSURANCE COMPANY,<br><br>          Defendants.<br><br>AMERICAN SAFETY CASUALTY INSURANCE COMPANY,<br><br>          Cross-claimant,<br><br>     v.<br><br>JEFFREY ERCOLINI, an individual and dba AUTOTIME MOTORS; KELLY ERCOLINI, an individual and dba AUTOTIME MOTORS,<br><br>          Cross-defendants. | CIV. NO. 2:15-295 WBS EFB<br><br>ORDER |

Plaintiff Michelle Caven brought this action against

1

defendants Jeffrey and Kelly Ercolini, individually and doing business as Autotime Motors (collectively, "Autotime"), and their surety insurer under a motor vehicle dealer bond, American Safety Casualty Insurance Company ("ASI"), arising out of Autotime's allegedly fraudulent sale of a defective vehicle.  (Docket No. 1.)[1]  ASI subsequently filed a cross-complaint against Autotime for indemnity and related causes of action.  (Docket No. 16.)[2]

On July 17, 2015, the court entered a Status (Pretrial Scheduling) Order stating that further joinder of parties or amendments to the pleadings were prohibited "except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)."  (Docket No. 33.)  The matter is now before the court on ASI's motion to amend its cross-complaint pursuant to Federal Rule of Civil Procedure 15.  (Docket No. 37.)  ASI seeks to name an additional cross-complainant and add new claims for statutory interpleader and declaratory relief against plaintiff and five additional cross-defendants.  (Id.)

Plaintiff and Autotime have not filed oppositions or statements of non-opposition to ASI's motion.  See E.D. Cal. L.R. 230(c).  Having read ASI's brief and in light of the absence of any opposition to its motion, the court concludes that oral argument is unnecessary.  The court will therefore vacate the hearing set for May 31, 2016 and take the matter under submission

---

[1] Plaintiff also filed this action against Credit Acceptance Corporation ("CAC"), which financed her purchase of the vehicle under a consumer credit contract.  Plaintiff later settled with CAC and dismissed her claims against CAC with prejudice.  (Docket Nos. 19, 21-23.)

[2] On July 17, 2015, Autotime filed a voluntary bankruptcy petition under Chapter 13.  (Docket No. 35.)

pursuant to Local Rule 230(g).

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16," Rule 16's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). A party's motion to amend its pleading is then considered as a motion to amend the scheduling order, despite the fact that no formal motion to amend the scheduling order was made. Id. at 608-09. Because the court already issued its Scheduling Order in this case, ASI must first demonstrate "good cause" for modifying the Scheduling Order pursuant to Rule 16(b). See id. If good cause is shown, the court must then evaluate ASI's motion for leave to amend under Rule 15(a)(2). See id.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Id. at 609. "If that party was not diligent, the inquiry should end." Id. ASI represents that it has received numerous claims on the surety bond it issued on behalf of Autotime, including a lawsuit to recover on the bond filed in the California Superior Court in Orange County. (Tomlin Decl. ¶¶ 6-7, Ex. B (Docket No. 37-1).) ASI was served with the complaint in that lawsuit on March 10, 2016. (Id.) The same day, ASI wrote a letter to plaintiff and Autotime seeking a stipulation for the filing of its amended cross-complaint. (Id. ¶ 10, Ex. D.) ASI represents that plaintiff indicated its non-opposition to ASI's amendment and that Autotime did not provide a response. (Id. ¶ 11.) ASI then filed this motion on April 4, 2016.

Based on these facts, the court is satisfied that ASI

was reasonably diligent in alerting the other parties of its intention to file an amended cross-complaint.  ASI was also reasonably diligent in proceeding with its formal motion because it filed this motion less than one month after receiving notice of the state court action on the surety bond.  Accordingly, the court finds ASI has demonstrated good cause under Rule 16.  See Johnson, 975 F.2d at 609.

The court must next determine whether ASI's request for leave to amend its cross-complaint satisfies the requirements of Rule 15.  See id. at 608.  Rule 15(a)(2) provides that the "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Four factors are commonly used to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

"The party opposing amendment bears the burden of showing prejudice."  Id. at 187.  Plaintiff does not oppose ASI's motion, and Autotime will not be affected by the addition of ASI's new claims because Autotime will not be a party to those claims.  ASI's amendment will thus not prejudice the other parties in this action.  The court also does not find bad faith, futility of amendment, or undue delay resulting from the amendment.  Accordingly, because ASI has satisfied the requirements under Rules 16 and 15, the court will grant ASI's motion to amend its cross-complaint.

ASI's proposed amended cross-complaint filed with its motion incorporates by reference ASI's original cross-complaint.

(Tomlin Decl. Ex. C ¶ 6.)  Local Rule 220 requires that an amended pleading be complete in itself and not incorporate by reference allegations or exhibits in the original pleading.  See E.D. Cal. L.R. 220 ("[E]very pleading to which an amendment . . . has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.").  This is because an "amended complaint supersedes the original" and the latter is "treated thereafter as non-existent."  <u>Valadez-Lopez v. Chertoff</u>, 656 F.3d 851, 857 (9th Cir. 2011) (citation omitted).

        IT IS THEREFORE ORDERED that:

        (1) cross-complainant American Safety Casualty Insurance Company's motion for leave to file an amended cross-complaint, (Docket No. 37), be, and the same hereby is, GRANTED;

        (2) American Safety Casualty Insurance Company shall file its amended cross-complaint consistent with this Order within ten days from the date this Order is signed; and

        (3) the hearing set for May 31, 2016 is hereby VACATED.

Dated:  May 24, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE