Lawrence W. Miles, Jr. (#95522)
Brady D. McLeod (#205273)
**MILES McLEOD, a Professional Law Corporation**
3838 Watt Ave., Suite 301
Sacramento, CA  95821
916-973-9674

Attorneys for Cross-Defendant
Brasher's Sacramento Auto Auction

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE CAVEN,<br><br>  Plaintiff,<br><br>vs.<br><br>AUTOTIME MOTORS; JEFFREY ERCOLINI; KELLY ERCOLINI; CREDIT ACCEPTANCE CORPORATION; AMERICAN SAFETY CASUALTY INSURANCE COMPANY,<br><br>  Defendants<br>_____<br><br>AMERICAN SAFETY CASUALTY INSURANCE COMPANY, HUDSON INSURANCE COMPANY,<br><br>  Cross-claimants,<br><br>vs.<br><br>JEFFREY JOSEPH ERCOLINI, an individual and dba AUTOTIME MOTORS; and KELLY RAYLENE ERCOLINI, an individual and dba AUTOTIME MOTORS; LOBEL FINANCIAL, a California corporation; LYDIA BARNUM, an individual; MICHELLE CAVEN, an individual; BRASHER'S SACRAMENTO AUTO AUCTION, a California corporation; WESTLAKE FINANCIAL, a business entity, form unknown; CALIFORNIA DEPARTMENT | Case No.: 2:15-CV-00295-WBS-EFB<br><br>**STIPULATION FOR RELEASE OF INTERPLED BOND FUNDS AND DISMISSAL; AND ORDER THEREON** |

OF MOTOR VEHICLES, a California State )
Agency, )
)
)
    Cross- Defendants. )

THIS STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL ("Stipulation") is made by and among AMERICAN SAFETY CASUALTY INSURANCE COMPANY, an Oklahoma corporation ("AMERICAN SAFETY"); HUDSON INSURANCE COMPANY, a Delaware corporation ("HUDSON"); LYDIA BARNUM, an individual ("BARNUM"); MICHELLE CAVEN, an individual ("CAVEN"); BRASHER'S SACRAMENTO AUTO AUCTION, a California corporation ("BRASHERS"); WESTLAKE SERVICES, INC., a California corporation dba WESTLAKE FINANCIAL SERVICES ("WESTLAKE"); (collectively the "Parties") as follows:

**1.    RECITALS**.

1.1    WHEREAS, disputes have arisen between the Parties to this Stipulation which are reflected in the First Amended Cross-Claim in Interpleader filed in the United States District Court, Eastern District of California as case number 2:15-CV-00295-WBS-EFB by Cross-claimants AMERICAN SAFETY and HUDSON, which alleged, among other things, that BARNUM, CAVEN, BRASHERS, WESTLAKE, Lobel Financial, and California Department of Motor Vehicles ("DMV") have made claims against that certain Surety Bond of Dealer # 10003214 ("Bond") issued by AMERICAN SAFETY pursuant to *California Vehicle Code* § 11710 *et seq.*, in which JEFFREY JOSEPH ERCOLINI and KELLY RAYLENE ERCOLINI dba AUTOTIME MOTORS is named as principal. The allegations of the Cross-claim are incorporated by reference herein for informational purposes only.

1.2  WHEREAS, each Party to the Cross-claim has denied, and continues to deny, the material allegations and claims of the other Parties against it.

1.3  WHEREAS, AMERICAN SAFETY and HUDSON deposited $50,000.00, the penal sum of the Bond, with the Court; and,

1.4  WHEREAS, CROSS-DEFENDANTS have respective claims against the subject Bond and the resulting monies pled into the Court by SURETY, which claims total in excess of the amounts held by the Court; and,

1.5  WHEREAS, the Parties agree that AMERICAN SAFETY and HUDSON are entitled to recover attorney's fees and costs from the Bond corpus pursuant to California Code of Civil Procedure §386.6, and have incurred attorney's fees and costs in the amount of $2,219.00; and

1.6  WHEREAS, after deducting AMERICAN SAFETY and HUDSON'S fees and costs, the Bond balance remaining deposited with the Court is $47,781.00, for the benefit of CROSS-DEFENDANTS; and,

1.7  WHEREAS, CROSS-DEFENDANTS DMV and LOBEL FINANCIAL have abandoned or withdrawn their claim to the bond and been dismissed from the Cross-claim; and

1.8  WHEREAS, the remaining CROSS-DEFENDANTS, BARNUM, CAVEN, BRASHERS and WESTLAKE have stipulated to a pro-rata distribution of the remaining Bond funds of $47,781.00 in accordance with the following pro-rata formulae:

///

///

STIPULATION AND ORDER RE: INTERPLEADER    3
Caven v. Autotime Motors et al

| Claimant | Claim | Pro-Rate % | Pro-Rata Claim |
|---|---|---|---|
| Barnum | $7,671.00 | 10.42% | $4,978.78 |
| Caven | $8,500.00 | 11.54% | $5,513.93 |
| Brasher's | $43,178.62 | 58.62% | $28,009.22 |
| Westlake | $14,306.05 | 19.42% | $9,279.07 |
| **CLAIMANTS' TOTAL** | **$73,655.67** | **100%** | **$47,781.00** |

**2.  NOW, THEREFORE, IN VIEW OF THE FOREGOING AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

2.1  Each party hereto agrees that AMERICAN SAFETY and HUDSON shall receive their attorney's fees and costs in the full amount of $2,219.00.

2.2  Each party hereto agrees and stipulates that the remaining balance of the Bond in the amount of $47,781.00 shall be paid and released to the Parties and to no others in full satisfaction of each's Bond claim as follows:

  a. BARNUM shall receive 10.42% of the Bond balance in the amount of: $4, 978.78;

  b. CAVEN shall receive 11.54% of the Bond balance in the amount of: $5,513.93;

  c. BRASHERS shall receive 58.62%% of the Bond balance in the amount of: $28,009.22;

  d. WESTLAKE shall receive 19.42% of the Bond balance in the amount of: $9,279.07.

2.3  The Parties agree that each party, with the exception of AMERICAN SAFETY and HUDSON shall bear its own attorney's fees and costs in the litigation.

2.4  This Agreement is entered into by the Parties solely for the purpose of settling the Bond claims described in the Cross-Claim. It does not constitute, nor shall it be construed as an admission by any Party of the truth or validity of any allegations asserted.

**3.     RELEASE OF CLAIMS.**

   3.1     For valuable consideration, receipt of which is hereby acknowledged, each of the Parties and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge the others and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, any of them now have, or may hereafter have, against the other arising out of the disputes described above. Additionally, the Parties, expressly acknowledge and agree that none of them would enter into this Stipulation but for the representation and warranty of the other that they are releasing any and all claims of any nature whatsoever, whether statutory or at common law, which any of them may believe any of them now has or could assert directly or indirectly against the other arising out of the circumstances alleged in the Cross-Claim in Interpleader.

   3.2     The Parties hereto acknowledge that they may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the disputes and differences which lead to the execution of this Stipulation. The Parties agree that this Stipulation shall be, and remain, effective in all respects for all purposes, notwithstanding any such different or additional facts.

   3.3     This Stipulation is entered into by the Parties solely for the purpose of settling the matters in dispute. It does not constitute, nor shall it be construed as an admission by any party of the truth or validity of any claims asserted.

3.4     The Parties, in executing this Stipulation, do not rely on any inducements, promises or representations made by the other party or their above-named successors or attorneys except as set forth herein.

3.5     THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY THEIR RESPECTIVE LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

THE UNDERSIGNED, BEING AWARE OF SAID CODE SECTION, HEREBY EXPRESSLY WAIVES ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.

3.6     Each Party and each's respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge one another and each's respective successors, assigns, agents, directors, officers, parent company, affiliates, subsidiaries, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, either of them now have, or may hereafter have, against one another arising out of the Cross-claim.

3.7     The Parties hereto expressly state that the release described above shall inure to the benefit of the successors and assigns of one another and shall be binding upon the successors and assigns of one another.

**4.     THE PARTIES FURTHER REPRESENT, WARRANT AND COVENANT AS FOLLOWS:**

4.1     Each individual who is a signatory to this Stipulation warrants that he/she has the authority to enter into this Stipulation on behalf of himself/herself or the legal entity that is a party to the Stipulation. In the event that the party is a corporation, he/she represents that he/she is an authorized agent of the corporation and further, that the corporation has complied with all corporate formalities necessary to bind the corporation to the terms of this Stipulation.

4.2     Each Party to this Stipulation acknowledges that it has executed this Stipulation freely and that no claims or inducements have been extended to any of them to execute this Agreement except as otherwise set forth herein.

4.3     Each Party to this Stipulation acknowledges, warrants and represents that none of them has assigned its claim hereunder to any other third person or entity at or before the time of execution of this Stipulation.

4.4     Each Party to this Stipulation represents and understands that she/it has carefully read the Stipulation and understands the contents thereof, and agrees to the terms of this Stipulation without reservation of any kind.

4.5     Each Party has received or had the opportunity to receive independent legal advice from its attorneys, with respect to the advisability of making this transaction provided for herein, with respect to the advisability of executing this Stipulation.

4.6     This Stipulation shall be binding upon and inure to the benefit of the heirs, personal representatives, successors or assigns of the parties hereto.

4.7     This Stipulation constitutes the entire agreement between the Parties and cannot be modified or supplemented except in writing. Further, the terms of this Agreement shall supersede all prior or contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4.8     This Stipulation shall be governed and construed according to the law of the State of California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

4.9     The obligations, representations, warranties and other terms and conditions hereof, shall survive the termination of this Stipulation, and shall be enforceable thereafter.

4.10    Each provision of this Stipulation shall be severable from each other provisions of this Stipulation for the purpose of determining the legal and enforceability of each provision.

4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be original, and all of which together shall constitute the same Agreement. The parties agree that facsimile signatures shall be deemed the originals, and shall be fully enforceable upon execution of all parties hereto.

4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses, including court costs and attorney's fees.

4.13    The Stipulation and Order, as well as the Judgment entered pursuant to it, shall not affect the claims of Cross-Claimants and/or Cross-Defendants against the remaining cross-defendants Jeffrey Joseph Ercolini dba Autotime Motors and Kelly Raylene Ercolini dba Autotime Motors.

STIPULATION AND ORDER RE: INTERPLEADER          8
Caven v. Autotime Motors et al
Case No. 2:15-CV-00295-WBS-EFB

1  SO STIPULATED:

2  DATED: 8/30/16

3  **AMERICAN SAFETY CASUALTY INSURANCE COMPANY**

4

5  /s/ Timothy J. Tomlin

6  By:   Timothy J. Tomlin
      Law Offices of John L. Fallat
7     Attorneys for Cross-Claimant
      American Safety Casualty Insur Company
8

9

10 DATED: 8/30/16

11 **HUDSON INSURANCE COMPANY**

12

13 /s/ Timothy J. Tomlin
   By:   Timothy J. Tomlin
14       Law Offices of John L. Fallat
         Attorneys for Cross-Claimant
15       Hudson Insurance Company

16

17

18

19

20

21 DATED: 8/30/16

22
   **LYDIA BARNUM, an individual in pro-per**
23

24
   /s/ Lydia Barnum
25 By:   Lydia Barnum

26

27 DATED: 8/30/16

28 **MICHELLE CAVEN, an individual**

STIPULATION AND ORDER RE: INTERPLEADER        9
Caven v. Autotime Motors et al
Case No. 2:15-CV-00295-WBS-EFB

/s/ Linda Deos
By:    Linda Deos
        Deos Law, PC
        Attorneys for Plaintiff and Cross-Defendant
        Michelle Caven

DATED: 8/30/16

**BRASHER'S SACRAMENTO AUTO AUCTION**

/s/ Brady D. McLeod
By:    Brady D. McLeod
        Miles McLeod
        Attorneys for Cross-Defendant
        Brasher's Sacramento Auto Auction

DATED: 8/30/16

**WESTLAKE FINANCIAL SERVICES**

/s/ Edit Alexandryan
By:    Edit Alexandryan
        Westlake Financial
        Attorneys for Cross-Defendant
        Westlake Financial Services

## **ORDER**

**IT IS HEREBY ORDERED** that the Clerk of the Court shall disburse the balance of the Bond now deposited with this Court as follows:

1.     **$2,219.00** payable to American Safety Casualty Insurance Company and mailed to:

                Timothy J. Tomlin
                Law Offices of John L. Fallat
                68 Mitchell Blvd., Suite 135
                San Rafael, CA 94903

STIPULATION AND ORDER RE: INTERPLEADER    10
Caven v. Autotime Motors et al
Case No. 2:15-CV-00295-WBS-EFB

2. **$4,978.78** payable to the Lydia Barnum and mailed to:

> Lydia Barnum
> 1660 Valley View Drive
> Yuba City, CA 95993

3. **$5,513.93** payable to Michelle Caven and mailed to:

> Linda Deos
> Deos Law
> 770 L Street, Ste. 950
> Sacramento, CA 95814

4. **$28,009.22** payable to Brashers Sacramento Auto Auction and mailed:

> Brady D. McLeod
> Miles McLeod
> 3838 Watt Ave., Ste. C-301
> Sacramento, CA 95821

5. **$9,279.07** payable to Westlake Financial Services and mailed to:

> Edit Alexandryan
> Westlake Financial
> 4751 Wilshire Blvd., #100
> Los Angeles, CA 90010

**FURTHER, IT IS HEREBY ORDERED** that the interest accrued on the balance of the Bond now deposited with the Court shall be disbursed evenly amongst Lydia Barnum, Michelle Caven, Brashers Sacramento Auto Auction, and Westlake Financial Services.

**FURTHER, IT IS HEREBY ORDERED** that American Safety Casualty Insurance Company and Hudson Insurance Company are discharged from further liability on the motor vehicle dealer bond No. 10003214 filed on behalf of Jeffrey Joseph Ercolini dba Autotime Motors and Kelly Raylene Ercolini dba Autotime Motors and is hereby exonerated.

Disbursement checks shall be mailed in care of each party's attorney of record, or to the party directly if the party has appeared in pro se to the addresses stated above. Upon disbursal, the Cross-Claim in Interpleader shall be dismissed with prejudice as to these Cross-Defendants.

Dated:  September 2, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE